IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN FLEMING et al.,
          *Plaintiffs,*

v.

MINNESOTA LIFE INSURANCE CO. et al,
          *Defendants.*

:
:
:
:
:   **CIVIL NO. 23-2558**
:
:
:
:

### MEMORANDUM

**Scott, J.**                                             **July 22, 2026**

Defendants The Vanguard Group, Inc. and The Vanguard Group, Inc. Group Benefit Plan

("Vanguard Defendants") move to dismiss (ECF No. 56) Plaintiffs' Amended Complaint (ECF

No. 49) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Defendants specifically seek to dismiss the breach of fiduciary duty (Count Three) and equitable

estoppel (Count Four) claims. For the reasons discussed herein, the Court grants Defendants'

Motion, dismissing with prejudice the counts against the Vanguard Defendants, and denies

Plaintiffs' request for leave to amend a third time.[1]

### I.     Factual Background

The disputes in this matter arise out of a life insurance policy. Kim DiNicola was employed

at Vanguard for 21 years, maintaining a life insurance policy during her employment. Am. Compl.

¶ 19. She enrolled in $368,000 in group basic life insurance and $1,288,000 in supplemental life

insurance (collectively "Group Policy" in the amount of $1,656,000). *Id.* ¶ 20. The Group Policy

was offered through Kim's employer, Vanguard, but provided by Minnesota Life. *Id.* ¶ 21.

Plaintiffs Kevin Fleming, Rebekah Fleming, Ryan Fleming, and Robert DiNicola were named as

---

[1] Plaintiffs request leave to amend "should the court find any deficiency in the pleadings." ECF No. 57-1 at 8.

the beneficiaries under the Group Policy.[2] *Id.* ¶ 22.

In early 2019, Kim became disabled due to colorectal cancer, and she obtained disability status under the policy on July 2, 2019. *Id.* ¶¶ 24-25. As a result of Kim's disability status, the Group Policy would remain in effect without payment of premiums for the next two years or until Kim's recovery if prior to that time. *Id.* ¶ 25. On January 7, 2020, Minnesota Life sent Kim a Conversion Application to convert her Group Policy into an Individual Policy, though it is unclear why Minnesota Life issued the Conversion Application. *Id.* ¶ 26. Nonetheless, Kim completed the Conversion Application and paid the premium for the Individual Policy providing coverage for $100,000. *Id.* ¶¶ 26-27.

On January 22, 2020, Kim resigned from Vanguard due to her medical condition. *Id.* ¶ 19. Under the Group Policy's terms, coverage is only available to employees "actively at work" or to those in certain retirement classes. *See* ECF No. 9-2 at 4 (Group Policy) ("Except as otherwise provided for in this certificate, you are eligible to continue to be insured only while you remain actively at work."). After Kim's resignation and a few months after she completed the Conversion Application, Minnesota Life sent Kim a letter on April 27, 2020, confirming issuance of the Individual Policy. *Id.* ¶ 27.

However, almost a year later, Minnesota Life had numerous communications with Kim indicating that the Group Policy was in effect. On April 16, 2021, a Minnesota Life agent working on Kim's case logged a general entry stating, "[t]his is duplicate coverage as Waiver of Premium disapproved, so sent email requesting converted coverage to be rescinded." ECF No. 14-1 at 42; Am. Compl. ¶ 29. A few days later, on April 23, 2021, Minnesota Life sent Kim a letter stating that her Individual Policy was rescinded, the total premium payments were refunded, and coverage

---

[2] Robert DiNicola, now deceased, appears through his estate personal representative, Cynthia A. Henry. Am. Compl. ¶ 22.

2

under the Group Policy would continue. Am. Compl. ¶ 28. About a week later, on April 29, 2021, Kim called Minnesota Life to make a premium payment for the Group Policy, but the agent advised her that she had a Waiver of Premium in effect. *Id.* ¶ 30; ECF No. 14-1 at 50. That same day, Minnesota Life issued a written letter to Kim advising her of the same. *Id.* ¶ 31.

Minnesota Life's communications indicating continued Group Policy coverage persisted. On June 1, 2021 , Minnesota Life sent Kim a letter requesting proof of continuous disability and a physician statement. *Id.* ¶ 32. Kim complied, and Minnesota Life confirmed continued coverage under the Group Policy. *Id.* ¶¶ 32-33. On July 2, 2021, a Minnesota Life agent called Kim and, once again, communicated that the insurer had made a mistake previously and the Group Policy remained in effect. *Id.* ¶ 34; ECF No. 14-1 at 61.

On October 18, 2021, Kim died of colorectal cancer. *Id.* ¶ 36. Roughly a month after Kim's death, Minnesota Life denied Plaintiffs' claim for the Group Policy's death benefit, claiming that Kim only had coverage under the Individual Policy. *Id.* ¶ 46. Minnesota Life denied coverage on the basis that Kim lost eligibility to participate in the Group Policy when she resigned on January 22, 2020. *See* ECF No. 9 at 6-10. Minnesota Life characterized its communications with Kim regarding the Group Policy as "clerical errors," which cannot result in the continuance of coverage under the Group Policy's terms. *Id.* at 10-11. Due to an error in Kim's file, her record failed to show that she no longer worked with Vanguard. *See* ECF No. 40 at 29.

Plaintiffs allege in their Complaint that, in the time leading up to her death, Kim told her family that the Group Policy was still in effect. *Id.* ¶ 35. Relying on that information, Plaintiffs made certain financial decisions, such as moving to Florida and selling Kim's house. *Id.* ¶¶ 36-45. Consequently, Plaintiffs sued Defendants.

Counts One and Two of the Amended Complaint are against Minnesota Life and Securian:

Count One alleges a breach of fiduciary duties and Count Two is an estoppel claim. Counts Three and Four are against the Vanguard Defendants: Count Three alleges a breach of fiduciary duties and Count Four is an equitable estoppel claim. *Id.* ¶¶ 59-109. The present Motion to Dismiss filed by the Vanguard Defendants seeks to dismiss with prejudice Counts Three and Four for failing to state a claim against them. ECF No. 56-1 at 6-7.

## II.      Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

## III.      Discussion

The Vanguard Defendants make three chief arguments: (i) Plaintiffs do not state a claim for breach of fiduciary duties against them; (ii) Plaintiffs fail to state a claim for equitable estoppel against them; and (iii) Plaintiffs should be denied leave to amend a third time. ECF No. 56-1 at 9-

16. The Court agrees on all three points.

To establish a breach of fiduciary duties, Plaintiffs must establish "(1) the defendant's status as an ERISA fiduciary acting as a fiduciary; (2) a misrepresentation on the part of the defendant; (3) the materiality of that misrepresentation; and (4) detrimental reliance by the plaintiff on the misrepresentation." *Burstein v. Ret. Acct. Plan for Emps. of Allegheny Health Educ. & Rsch. Found.*, 334 F.3d 365, 384 (3d Cir. 2003). Similarly, to establish equitable estoppel, Plaintiffs must establish "(1) a material representation, (2) reasonable and detrimental reliance upon the representation, and (3) extraordinary circumstances." *Baker v. Pa. Econ. League, Inc. Ret. Income Plan*, 811 F. Supp. 2d 1136, 1145 (E.D. Pa. 2011) (citing *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 235 (3d Cir. 1994)).

Defendants contend that Plaintiffs have not sufficiently pled any material misrepresentations. *See* ECF No. 56-1 at 10 ("The closest Plaintiffs come to alleging an actual misrepresentation is found in paragraph 82 of the Amended Complaint. Even here, however, the allegations are still vague, conclusory, lack critical details, and fail to state a claim for relief. . . . the best interpretation of paragraphs 81–82 of the Amended Complaint is that it references a truthful statement, not a misrepresentation."). The Vanguard Defendants further contend that Plaintiffs fail to demonstrate sufficient detrimental reliance on any such alleged misrepresentations made by Vanguard. *Id.* at 12 ("as of her resignation in January 2020, Decedent did not detrimentally rely upon any alleged misrepresentation by Vanguard. She knew that her Group Policy coverage was expiring, and she was therefore converting her coverage into an Individual Policy. . . . It was not until more than one year later, in April 2021, that Minnesota Life—not Vanguard—communicated anything to Decedent that caused her to believe that she still had coverage under the Group Policy.").

5

While it is the case that Plaintiffs' allegations must be accepted as true and interpreted in their favor at this stage, Plaintiffs are also required to provide sufficient factual information that permit the plausible inferences they want the Court to draw regarding material misrepresentation and detrimental reliance. Plaintiffs provide no such information in their Amended Complaint and fail to convince the Court otherwise through their briefing. Plaintiffs merely restate the allegations but fail to establish how those allegations amount to a material misrepresentation or how Plaintiffs' own actions amount to reasonable and detrimental reliance. *See generally* ECF No. 57. Regarding the former—and perhaps most fatal to Plaintiffs' position—Plaintiffs do not dispute that the alleged misrepresentation, the crux of which is found in paragraph 82 of the Amended Complaint, is indeed truthful as contended by the Vanguard Defendants and as reasonably inferred from the Amended Complaint itself. *See* ECF No. 58 at 2-3 ("Thus, far from being a misrepresentation, Vanguard's statement was *true*: during the Decedent's disability leave, she *was* covered under her Minnesota Life group life insurance policy, and Vanguard *did* hope she would come back to work as soon as she was physically capable, which unfortunately did not occur.") (emphasis in original). Plaintiffs' concession of this point is dispositive.

Moreover, regarding the latter—Plaintiffs' detrimental reliance—the key here is that the reliance must be *reasonable* in addition to being detrimental. Plaintiffs could not have reasonably relied on any alleged misrepresentations by Vanguard because the decedent signed the conversion form which demonstrated that she was aware she was converting into the Individual Policy. *See* ECF No. 56-4. The Court agrees with Defendants that Plaintiffs "offer no meaningful rebuttal to these arguments," instead offering conclusory and vague allegations regarding "Vanguard's communications and omissions" and duty to "provide complete and accurate information and to correct known misunderstandings." ECF No. 58 at 3-5; ECF No. 57 at 6.

6

Thus, absent sufficient allegations of a material misrepresentation and reasonable and detrimental reliance, Plaintiffs fail to state a claim against the Vanguard Defendants for either a breach of their fiduciary duties or equitable estoppel. Furthermore, the Court denies Plaintiffs' request for leave to amend because nothing in the record indicates Plaintiffs' awareness of any new information that would cure the stated deficiencies.

## IV.    Conclusion

The Court grants the Vanguard Defendants' Motion to Dismiss, dismissing with prejudice Count Three and Count Four. The Court also denies Plaintiffs' request for leave to amend the Complaint a third time. An appropriate Order accompanies this Memorandum.